## Case No. 13,397.

STEVENS v. FELT et al.[1]

District Court, S. D. New York. March 9, 1843.

PATENTS—INJUNCTION—EVIDENCE AND BURDEN OF PROOF—PRACTICE—LACHES.

[1. When a bill for infringement is filed by the inventor himself, the practice requires him to make oath that he is the true inventor or discoverer of the thing patented, and this, together with the patent, is adequate proof on which to claim an injunction.]

[2. Complainant is not required, in addition to his patent, to present, in the first instance, full evidence that he is the first inventor, and a very slight degree of evidence is sufficient to put defendant on his justification.]

[3. The testimony of eminent chemists and of books of reputation in the science and arts are competent evidence that a coloring matter patented was not known prior to the patent.]

[4. Principals are responsible for the infringement of a patent by their agent, acting within the scope of his authority, and the legal implication of their personal knowledge and concurrence therein will dispense with all proof on that point.]

[5. Equity will not grant a peremptory injunction in patent cases, where the right is in controversy and has not been settled by a suit at law, or where the patentee's possession has not been quiet or undisputed for a long period.]

[6. Permitting infringement for several years without attempting to enforce his rights does not waive or impair the same, but it deeply affects the patentee's claim to equitable interference for the purpose of arresting defendants' operations.]

[This was a suit by Henry Stevens against David and Willard Felt, to enjoin the alleged infringement of complainant's patent for a coloring fluid.]

BETTS, District Judge. The defendants oppose the prayer for an injunction with the

1 [Not previously reported.]

defence that the subject-matter of the patent grant was notorious and in common use in the United States when the patent in this case issued, and that the processes of the defendants are no infringement of the plaintiff's claim. The plaintiff, who is an alien, on the 28th day of October, 1837, obtained letters patent under the act of congress of July 4, 1836, §§ 6, 9 [5 Stat. 119,121], for the coloring fluid described in the bill. This patent was surrendered for some insufficiency in the specification, and a new one issued on the 21st day of April, 1838.

It is unnecessary to examine the point whether a patent is prima facie evidence that the plaintiff is discoverer and proprietor of the matter set forth and claimed by the specification. If there may be a doubt as to the sufficiency of the proof, by itself, to sustain an action, it would seem clear that a new bill alleging the discovery and possession would, with the patent, be adequate proof on which to claim an injunction. Phil Pat. 404; Stearns v. Barrett [Case No. 13,337]; Phil. Pat. 453–455. The practice requires an oath, when the bill is filed, that the plaintiff is the true inventor or discoverer of the thing patented, the applicant verifying the specification being held insufficient, as the patentee, subsequent to his grant, may have ascertained to his satisfaction that he is not the original and first inventor. Gods. Pat. 185; Phil. Pat. 454–455. This rule of practice would probably be limited to a party present and prosecuting in his own right. It would be inapplicable to the case of an assignee, and must, if strictly enforced, in many instances deprive alien patentees of that immediate relief by injunction, indispensable to the support of their rights. I do not, however, go into this subject, the point not being raised by the defendants on the argument, and, it being merely formal and technical, shall proceed to dispose of the case on the merits.

The proofs offered by the complainant show in the first instance, a valuable discovery, in possession and use by him, and that the defendants have deliberately and to a great extent violated his right. The case, accordingly, must turn upon the weight and effect of the evidence produced by the defendants to counteract this proof. The idea, advanced on the argument, that the plaintiff must, in addition to his patent, present full evidence that he is the first inventor, is not supported by the adjudged cases on the reasons on which they proceed. When this kind of proof has been called for preliminarily, a very slight degree of evidence has been regarded as sufficient to put the defendant on his justification. The testimony of eminent chemists, and of books of reputation in the sciences and arts, are competent evidence to this point, and, in the present case, show, in the first instance, that the discovery claimed by the specification was not known in the arts prior to the patent obtained by the plaintiff.

Direct testimony is given by James W.

White that the patented discovery was known to him in 1832, and was in use in the United States at that time, and subsequently, in the preparation of coloring liquids. This testimony is so assailed as to throw great doubt upon the accuracy of the witness, either as to dates or the particulars of the composition of which he speaks. He also stands in direct contradiction with Thaddeus Davids, and the weight of evidence would tend to give the higher credit to Davids, independent of which the course of conduct of the defendant is in strong corroboration of Davids' testimony; and it appears to me that, as the proof stands, it is established, against the evidence of White, that the defendants did manufacture the precise article patented by the plaintiff, using his discovery and descriptions as the means of carrying on the operation. This conclusion as to the main fact does not necessarily involve any contradiction of the affidavit of the defendants. It was not necessary that they should have any personal knowledge or superintendence of the details of the manufacture. They are, however, legally responsible for the acts of their agents, acting for their interest and within the scope of their authorization, and, upon the facts in proof, the legal implication of the personal concurrence and knowledge of the defendants as to those acts of their agents will dispense with all direct proof to that point. It seems to me the defendants have failed to prove that the subject-matter of the patent was known and in use previous to the grant to the plaintiff, as also that their manufacture is not an infringement of the plaintiff's discovery; and the evidence on the part of the plaintiff being sufficient, in the first instance, to establish his right, he is entitled to relief on this bill.

The course of this court, however, is not to grant a peremptory injunction in patent cases, where the right is in controversy and has not been settled by trial at law, or where the possession has not been quiet or undisputed in the patentee, for a long period of time. The acts of infringement on the part of the defendants commenced as early as 1838 or 1839, and no reason is shown why the plaintiff has suffered it to go on for so long a period without enforcing his right under the patent. That right, undoubtedly, is not to be regarded as waived or impaired by such delay, but it deeply affects his claim to the equitable interference of the court for the purpose of arresting or breaking up the operations of the defendants, absolutely. It being understood that a suit at law is pending, in which the right can be fully investigated and settled and the credibility of the conflicting testimony be properly weighed and adjusted, the case is a proper one for a provisional, and not an absolute, injunction.

A decree will, accordingly, be rendered that the defendants keep an account of all coloring liquids made or vended by them since the filing of this bill, and claimed to be in viola-

tion of the plaintiff's patent, and render such account on oath at the office of the clerk of this court on the first Monday of April next; and, on their failure to render and file such account, that a peremptory injunction issue.

[For hearing on motion for a new trial, see Case No. 13,368.]